**DOMINION CONCEPTS, INC., Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

No. 05–71896.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2006.*

Decided Aug. 21, 2006.

Joseph D. Kuchta, Esq., Washington, DC, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Marilyn L. Huff, District Judge for the Southern District of California, sitting by designation.

Assistant General, U.S. Department of Transportation Office of the General Counsel, Michael E. Robinson, Esq., Michael Jay Singer, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: TALLMAN and BYBEE, Circuit Judges, and HUFF,\*\* District Judge.

MEMORANDUM \*\*\*

Dominion Concepts ("Dominion") petitions for review of the final decision of the Administrator of the Federal Aviation Administration ("FAA"). The Administrator denied Dominion attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (1996). The parties are familiar with the facts and procedural history.

This Court lacks jurisdiction to hear the case. The Federal Hazardous Materials Laws ("FHMTL"), at 49 U.S.C. § 5103(b), provide the FAA Administrator with the authority to regulate the transportation of hazardous waste by air. "A person that knowingly violates [the FHMTL] is liable to the United States Government for a civil penalty...." 49 U.S.C. § 5123(a). Prior to 2005, final review of an agency decision under the FHMTL was in the district courts. *See* 5 U.S.C. § 704. In 2005, Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFE-

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36–3.

TEA–LU"), Pub.L. 109–59, 119 Stat. 1144, which provides for judicial review of final agency adjudications under the FHMTL in the courts of appeals. Congress did not provide for the SAFETEA–LU to apply retroactively. *See INS v. St. Cyr*, 533 U.S. 289, 316, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) ("[a] statute may not be applied retroactively ... absent a clear identification from Congress that it intended such a result.").

While both the Federal Aviation Act ("FA Act") at 49 U.S.C. § 40113(b), and the FHMTL at 49 U.S.C. § 5103(b), provide the Administrator of the FAA with the authority to regulate the transportation of hazardous material by air, the FAA, as master of its own complaint, commenced the underlying action pursuant to its authority under the FHMTL and not the FA Act. This Court lacks jurisdiction to hear Dominion's petition for review as original jurisdiction for review of the FAA's final determination is in the district courts. Accordingly, the petition for review is denied for lack of jurisdiction.

DENIED.